IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JOSE ADALBERTO CANAS MOZO, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | **Civil Action Number:** |
| WEST INDIAN, INC. D/B/A FRESH | : | |
| MARKET and ESTHER YI, | : | |
| | : | |
| Defendant. | : | **Jury Trial Demanded** |
| | : | |

## COMPLAINT

Plaintiff, by and through the undersigned counsel, brings this complaint

against Defendants and pleads as follows:

## INTRODUCTION

1.

Plaintiff Jose Adalberto Canas Mozo brings this action under the Fair Labor

Standards Act of 1938 (as amended) (29 U.S.C. § 201 et.seq.), herein after "the

FLSA". Plaintiff brings this action under the FLSA to (1) receive the minimum

wage for work weeks in which the employer failed to pay him and an additional

like amount as liquidated damages; (2) recover the overtime pay that was denied

him and an additional amount as liquidated damages; (3) for his costs of litigation,

including his reasonable attorneys' fees.

## JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction over the present action under

Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b),

28 U. S.C §§ 1331 and 1337, because this case arises under the FLSA, a federal

statute that affects interstate commerce.

3.

In addition to his federal causes of action, Plaintiff asserts pendent state law

claims which arise out of the same set of operating facts as his federal claims.

These are (1) breach of contract, (2) quantum meruit and (3) promissory estoppel.

4.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. §

1391 because Defendant  West Indian, Inc., d/b/a Fresh Market is located in this

judicial district; and all the events giving rise to the claims herein arose in this

judicial district.

## THE PARTIES

5.

Plaintiff resides within Clayton County, Georgia.

6.

West Indian, Inc., d/b/a Fresh Market and Esther Yi employed Plaintiff Jose

Adalberto Canas Mozo as a produce/meat processor/cashier in and around

Riverdale, Georgia from April 10, 2010 through October 11, 2010.

7.

From on or about April 10, 2010 through October 11, 2010, Plaintiff Jose

Adalberto Canas Mozo has been an "employee" as defined in the FLSA § 3(e)(1),

29 U.S.C. § 203(e)(1).

8.

From on or about April 10, 2010 through October 11, 2010, Plaintiff Jose

Adalberto Canas Mozo has been "engaged in commerce" as defined in 1) FLSA, §

6(a), 29 U.S.C. § 206 (a) and 2) FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

9.

From on or about April 10, 2010 through October 11, 2010, Plaintiff Jose

Adalberto Canas Mozo has been engaged in the "production of goods for

commerce" as defined in 1) FLSA, § 6(a), 29 U.S.C. § 206 (a) and 2) FLSA, §

7(a)(1), 29 U.S.C. § 207(a)(1)

10.

West Indian, Inc., d/b/a Fresh Market is a corporation organized under the laws of the State of Georgia.

11.

At all times material hereto, Defendant West Indian, Inc., d/b/a Fresh Market has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. §203(d).

12.

From on or about April 10, 2010 through October 11, 2010, Defendant West Indian, Inc., d/b/a Fresh Market has been "engaged in commerce" as defined in 1) FLSA, § 6(a), 29 U.S.C. § 206 (a), and 2) FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

13.

From on or about April 10, 2010 through October 11, 2010, Defendant West Indian, Inc., d/b/a Fresh Market has been engaged in the "production of goods for commerce" as defined in 1) FLSA, § 6(a), 29 U.S.C. § 206 (a) and 2) FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1)

14.

At all time material hereto, Defendant West Indian, Inc., d/b/a Fresh Market has been an "enterprise engaged in commerce" as defined in FLSA § 3(s)(1)(A), 29

U.S.C. § 203(s)(1 )(A).

15.

Defendant West Indian, Inc., d/b/a Fresh Market is subject to the personal jurisdiction of this Court.

16.

Defendant Esther Yi (hereafter "Defendant Yi") resides within Fulton County, Georgia.

17.

At all times material hereto, Defendant Yi has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

18.

Defendant Esther Yi is subject to the personal jurisdiction of this Court.

**COUNT II — FAILURE TO PAY MINIMUM WAGE**

19.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

20.

At all times material hereto, Jose Adalberto Canas Mozo has been an employee covered by the FLSA and entitled to the minimum wage protections set

forth in FLSA § 6(a), 29 U.S.C. § 206(a).

21.

From on or about April 10, 2010 through October 11, 2010, Defendants

failed to compensate Plaintiff at an hourly rate above or equal to the minimum

wage as established in accordance with the FLSA.

22.

From on or about April 10, 2010 through October 11, 2010, Defendants

willfully failed to compensate Plaintiff at an hourly rate above or equal to the

minimum wage as established in accordance with the FLSA.

23.

Plaintiff is entitled to payment of minimum wages in an amount to be

determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

24.

As a result of the underpayment of minimum wages as alleged above,

Plaintiff is entitled to liquidated damages in accordance with FLSA § 16(b), 29

U.S.C. § 216(b).

25.

As a result of the underpayment of minimum wages, Plaintiff is entitled to

his litigation costs, including his reasonable attorney's fees in accordance with

FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT II — FAILURE TO PAY OVERTME

### 26.

The allegations in all previous paragraphs above are incorporated by

reference as if fully set out in this paragraph.

### 27.

At all times material hereto, Jose Adalberto Canas Mozo has been an

employee covered by the FLSA and entitled to the overtime protections set forth in

FLSA § 7(a), 29 U.S.C. § 207(a).

### 28.

During his employment with Defendants, Jose Adalberto Canas Mozo

regularly worked in excess of forty (40) hours each week.

### 29.

Defendants failed to pay Jose Adalberto Canas Mozo at one and one half

times his regular rate for work in excess of forty (40) hours in any week from April

10, 2010 through October 11, 2010.

### 30.

Defendants have willfully failed to pay Jose Adalberto Canas Mozo at one

and one half times his regular rate for work in excess of forty (40) hours in any week from April 10, 2010 through October 11, 2010.

31.

Plaintiff is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

32.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

33.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to his litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

**COUNT III – BREACH OF CONTRACT**

34.

The allegations contained in Paragraphs above are incorporated by reference as if fully set out in this Paragraph.

35.

Plaintiff and Defendants were parties to a contract of employment (hereafter "the Contract") from on or about April 10, 2010 until October 11, 2010.

36.

The Contract provided that Defendants would pay Plaintiff for work that was performed by Plaintiff on behalf of and for the benefit of Defendants.

37.

Defendants' failure to pay Plaintiff for work performed from on or about April 10, 2010 until October 11, 2010 constitutes a material breach of the Contract.

38.

As the direct and foreseeable result of this breach, Plaintiff has sustained and continues to sustain damages in an amount to be proved at trial.

**COUNT IV – QUANTUM MERIUT**

39.

The allegations contained in Paragraphs above are incorporated by reference as if fully set out in this Paragraph.

40.

From on or about April 10, 2010 until October 11, 2010, Plaintiff served as a

seafood/meat processor for Defendants.

41.

Plaintiff's service as a seafood/meat processor for Defendants as described above was valuable to Defendants.

42.

Defendants requested Plaintiff's service as a seafood/meat processor.

43.

Defendants knowingly accepted Plaintiff's service as a seafood/meat processor.

44.

The receipt of Plaintiff's services as a seafood/meat processor for Defendants without compensation would be unjust.

45.

Plaintiff expected to be compensated at the time he provided his services as a seafood/meat processor.

46.

Plaintiff is entitled to a recover from Defendant the reasonable value of the services he provided as a seafood/meat processor for Defendants, in an amount to be determined at trial.

## COUNT V - PROMISSORY ESTOPPEL

### 47.

The allegations contained in Paragraphs above are incorporated by reference as if fully set out in this Paragraph.

### 48.

On April 10, 2010 Defendants promised to pay Plaintiff in return for Plaintiff's service as a seafood/meat processor for them.

### 49.

Defendants should have reasonably expected that Plaintiff would induce action in reliance of said promise, i.e., serve as a seafood/meat processor for Defendants.

### 50.

Defendants' promise induced Plaintiff to act in reliance thereof, i.e., to serve as a seafood/meat processor for Defendants, to his detriment.

### 51.

Plaintiff's service as a seafood/meat processor for Defendants conferred a benefit on Defendants.

### 50.

Defendants failed to pay Plaintiff in accordance with their promise.

51.

Plaintiff relied on Defendants' promise.

52.

Plaintiff's reliance on Defendants' promise was reasonable.

53.

Justice can only be avoided by enforcement of Defendants' promise.

54.

Plaintiff is entitled to a recover from Defendants the reasonable value of the services he provided as a seafood/meat processor for Defendants, in an amount to be determined at trial.

WHEREFORE, Plaintiff respectfully prays:

1. That Plaintiff's claims be tried before a jury;

2. That Plaintiff be awarded an amount to be determined at trial against Defendants in unpaid minimum wage from on or about April 10, 2010 through October 11, 2010 due under the FLSA, plus an additional like amount in liquidated damages;

3. As to Count 1, that Plaintiff be awarded an amount to be determined at trial against Defendants in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;

4. As to Count 2, that Plaintiff be awarded compensatory damages including lost

wages and retirement and healthcare against the Defendants jointly and severally in

an amount to be determined at trial; plus an additional like amount in liquidated

damages, plus Plaintiff s reasonable attorneys fees and costs;

5. That Plaintiff have and recover judgment against Defendants for the pendent

State claims herein asserted in amounts to be proved at trial;

6. That Plaintiff be awarded costs of litigation, including her reasonable attorneys'

fees from Defendants; and

8. For such other and further relief as the Court deems just and proper.

| | |
|---|---|
| */s/ Kevin D. Fitzpatrick, Jr.* | */s/ Charles R. Bridgers* |
| Kevin D. Fitzpatrick, Jr. | Charles R. Bridgers |
| Ga. Bar No. 262375 | Ga. Bar No. 080791 |
| 3100 Centennial Tower | 3100 Centennial Tower |
| 101 Marietta Street | 101 Marietta Street |
| Atlanta, GA 30303 | Atlanta, GA 30303 |
| (404) 979-3171 | (404) 979-3150 |
| (404) 979-3170 (f) | (404) 979-3170 (f) |
| kevin.fitzpatrick@dcbflegal.com | charlesbridgers@dcbflegal.com |
| | |
| Counsel for Plaintiff | Counsel for Plaintiff |

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| JOSE ADALBERTO CANAS MOZO, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | **Civil Action Number:** |
| WEST INDIAN, INC. D/B/A FRESH | : | |
| MARKET and ESTHER YI, | : | |
| | : | |
| Defendant. | : | **Jury Trial Demanded** |
| | : | |

**CERTIFICATE OF COUNSEL**

Pursuant to Local Rule 7.1, N.D.Ga., the above signatory attorney certified

that this pleading was prepared with Times New Roman (14 point), one of the

fonts and point selections approved by the Court in local Rule 5.1 B, N.D.Ga.

/s/ Kevin D. Fitzpatrick, Jr.
Georgia Bar No. 262375

/s/ Charles R. Bridgers
Georgia Bar No. 080791
Counsel for Plaintiff